FILED'09 MAR 31 14:43USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DAVID HADLEY; ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 08-130-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MULTNOMAH COUNTY, an incorporated subdivision of the State of Oregon; ET AL., | ) ) ) | |
| Defendants. | ) | |

Roger A. Hennagin
ROGER A. HENNAGIN, P.C.
8 North State Street, Suite 300
Lake Oswego, OR 97034

   Attorney for Plaintiffs

Jenny M. Morf
OFFICE OF THE MULTNOMAH COUNTY ATTORNEY
501 S.E. Hawthorne Boulevard, Suite 500
Portland, OR 97214

David A. Snyder
SNYDER & HOAG, LLC
4370 N.E. Halsey Street, Suite 124
P. O. Box 12737
Portland, OR 97212

    Attorneys for Defendants

JONES, Judge:

    Plaintiffs David Hadley, Linda Hadley, Jeff Cordes, Bret Burton, and Ofelia McMenamy bring this action against defendants Multnomah County, former Multnomah County Sheriff Bernie Giusto, Multnomah County Deputy Sheriff's Association, Todd Shanks, Mark Heron, and Jay Pentheny, alleging claims for (1) discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution (2) deprivation of their constitutional rights in violation of 42 U.S.C. § 1983, and (3) conspiracy to deprive plaintiffs of their constitutional rights in violation of 42 U.S.C. § 1985(3).

    This action is now before the court on defendants' motions (## 6, 13) to dismiss all of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons explained below, I deny Multnomah County's and Giusto's motion to dismiss plaintiffs' equal protection and section 1983 claims, and grant all of defendants' motion to dismiss plaintiffs' section 1985(3) conspiracy claim.

FACTUAL BACKGROUND

    The parties agree to the following. Plaintiffs were employed as deputies by Multnomah County ("County") and were dues-paying members of the Multnomah County Deputy Sheriff's Association ("Association") during their employment. In August 2007, the County and the Association reached a collective bargaining agreement ("Agreement"). The Agreement awarded

retroactive pay increases to covered deputies from July 1, 2005 forward. By its terms, the Agreement applied only to employees on the County's payroll as of the date of ratification, August 9, 2007. All five plaintiffs were employed by the County when negotiations on the Agreement began in July 2005; however, none of the five plaintiffs were still employed by the County by the time of ratification.

After ratification of the Agreement, the County and the Association executed a Memorandum of Exception ("MOE"), which created an exception to the Agreement to allow two former employees who had taken disability retirement before ratification to receive the retroactive pay increase. Plaintiffs and the two employees that are the subject of the MOE retired or resigned within the same two-year period, 2005-2007, during which the County and Association were negotiating the Agreement.

In separate but similar motions, defendants County and Giusto ("County defendants"), and the Multnomah County Deputy Sheriffs Association, Todd Shanks, Mark Herron and Jay Pentheny ("Association defendants"), move to dismiss plaintiffs' claims for failure to state a claim. All defendants challenge plaintiffs' standing, as well as plaintiffs' section 1985(3) claim. The County defendants also seek dismissal of plaintiffs' Equal Protection and section 1983 claims.

## STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Pinhas v. Summit Health, Ltd., 894 F.2d 1024, 1028 (9th Cir. 1989) (citation omitted), aff'd 500 U.S. 322 (1991). The court must treat all facts

3 - OPINION AND ORDER

alleged in the complaint as true. Western Concrete Structures v. Mitsui & Co., 760 F.2d 1013, 1015 (9th Cir. 1985). All doubts are resolved in favor of the plaintiff. Preferred Commc'ns v. City of L. A., Cal., 754 F.2d 1396, 1399 (9th Cir. 1985), aff'd 476 U.S. 488 (1986).

## DISCUSSION

1.  Standing

All defendants challenge plaintiffs' standing on the ground that plaintiffs have not suffered an "actual injury." Defendants argue that because plaintiffs were not employed by the County at the time the Agreement was signed, by its express terms they are not entitled to the retroactive back-pay benefits. Plaintiffs respond that their standing arises out of the arbitrary discrimination they suffered due to the defendants conferring the benefit of the Agreement to some similarly situated former employees, but not them.

Plaintiffs have the burden of establishing Article III standing by demonstrating that: (1) each has suffered an injury in fact that is concrete and particularized and actual and imminent; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury is likely to be redressed by a favorable court decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).

Accepting, for purposes of this Rule 12(b)(6) motion to dismiss, that plaintiffs' allegations are true, the allegations sufficiently raise an actual injury. A violation of a person's constitutional right to equal protection of the laws can give rise to an actual injury. See Council of Ins. Agents & Brokers v. Molasky-Arman, 522 F.3d 925, 931 (9th Cir. 2008) ("Impairments to constitutional rights are generally deemed adequate to support a finding of 'injury' for purposes of standing.") (citing Doe v. Sch. Bd. of Ouachita Parish, 274 F.3d 289, 292 (5th Cir.

2001)). Plaintiffs' interests are within the zone of interests to be protected by the equal protection clause, that is, freedom from the alleged intentional and arbitrary discrimination. McMichael v. Napa County, 709 F.2d 1268, 1272 (9th Cir. 1983). Consequently, resolving all doubts in plaintiffs' favor, I find plaintiffs' allegations sufficient to establish standing.

2.  Plaintiffs' Equal Protection Claim Against County Defendants

Plaintiffs allege that the County defendants discriminated against them based on their status as non-disabled retirees and resignees, and that the discrimination in favor of the disabled retirees in the form of the MOE was intentional, arbitrary, and without a rational, legal basis.

Because plaintiffs have not alleged membership in a suspect or quasi-suspect class, the government's classification comports with the Equal Protection Clause so long as it is "rationally related to a legitimate state interest." E.g., Pennell v. City of San Jose, 485 U.S. 1, 14 (1988) (citations omitted).

Whether the County defendants can establish a rational and legitimate reason for discriminating between the two groups of retirees/resignees is an issue that cannot be determined in the context of the pending motion. For the purposes of the present motion to dismiss, I find that plaintiffs have sufficiently alleged a violation of equal protection. Consequently, the County defendants' motion to dismiss the equal protection claim is denied.

3.  Plaintiffs' Section 1983 Claim Against the County Defendants

The two essential elements of a section 1983 claim are (1) that the defendant acted under color of state law and (2) that the conduct deprived a person of rights, privileges, or immunities conferred by the Constitution or laws of the United States. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiffs appear to premise their section 1983 claim on their theory that the

5 - OPINION AND ORDER

County defendants deprived them of their right to equal protection. The Supreme Court has held that if the defendant's conduct satisfies the state-action requirement for purposes of the Equal Protection Clause, then the conduct also qualifies as "under color of state law" for purposes of section 1983. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935 (1982). Because plaintiffs allege sufficient facts to make out a violation of equal protection, they similarly allege sufficient facts for a violation of section 1983. The County defendants' motion to dismiss plaintiffs' section 1983 claim is denied.

4.   Plaintiffs' Section 1985(3) Conspiracy Claim Against All Defendants

Plaintiffs allege that the County defendants and the Association defendants conspired to discriminate against them and thereby deny them equal protection of the laws, in violation of section 1985(3).

To prevail on a claim of civil rights conspiracy, plaintiffs must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. Keenan v. Allan, 889 F.Supp. 1320, 1364 (E.D.Wash. 1995), aff'd., 91 F.3d 1275 (9th Cir. 1996).

The second element of a civil rights conspiracy claim requires a showing of both a "legally protected right" and "'deprivation of that right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators" action.'" Keenan, 889 F.Supp. at 1364 (quoting Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.

6 - OPINION AND ORDER

1992)). The "class" that the defendant allegedly targets must be "something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." Keenan, 889 F.Supp. at 1364; see also Lopez v. Arrowhead Ranches, et al., 523 F.2d 924, 928 (9th Cir. 1975) ("Of itself, the creation of a class of victims by tortious conduct does not bring a claim within § 1985(3); such a class is created by every tort").

Defendants argue that plaintiffs' section 1985(3) claim fails because non-disabled retirees/resignees do not constitute a cognizable class for purposes of civil rights conspiracy analysis. As defendants note, the Ninth Circuit has held that where a plaintiff does not allege discrimination on the basis of race or membership in a suspect class, he or she has not stated a claim under section 1985(3). Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).

Plaintiffs respond that Burns was wrongly decided in that the Ninth Circuit relied on an incorrect interpretation made in Bretz v. Kelman, 773 F.2d 1026 (9th Cir. 1985). According to the plaintiffs, Bretz misconstrued the U.S. Supreme Court case on which it relied, Griffin v. Brekenridge, 403 U.S. 88 (1971).

While plaintiffs correctly point out that in Griffin, the Supreme Court expressly reserved judgment on what classes other than race might be protected under section 1985(3), 403 U.S. at 100 n.8, plaintiffs overlook more recent Supreme Court jurisprudence. Twelve years after deciding Griffin, the Supreme Court reaffirmed the Griffin analysis, stating that: "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." United Bhd. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 834 (1983). The Court further stated that, "it is a close

7 - OPINION AND ORDER

question whether § 1985(3) was intended to reach *any* class-based animus other than animus against Negroes and those who championed their cause." Id. at 836 (emphasis added).

Thus, the Ninth Circuit's decision in Burns, which limits section 1985(3) conspiracy claims to discrimination on the basis of race or other suspect class, is consistent with Supreme Court decisions in this area. Because plaintiffs have not alleged membership in any suspect class, they have no cognizable claim against either the County defendants or the Association defendants under section 1985(3). Plaintiffs' conspiracy claim against the individual defendants also fails because the individual defendants are not governmental actors. See Single Moms, Inc. v. Mont. Power Co., 331 F.3d 743, 746 (9th Cir. 2003).[1]

For the above reasons, all defendants' motions to dismiss plaintiffs' section 1985(3) claim are granted.

## CONCLUSION

Based on the forgoing, the Association defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (# 13) is GRANTED; the County defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (# 6) is DENIED in part and GRANTED in part as follows:

1. The County defendants' motion to dismiss plaintiffs' Equal Protection claim is DENIED.

2. The County defendants' motion to dismiss plaintiffs' section 1983 claim is DENIED.

---

[1] Because plaintiffs' section 1985(3) claims must be dismissed on the grounds stated, I do not reach the defendants' claim preclusion argument.

8 - OPINION AND ORDER

3. The County defendants' motion to dismiss plaintiffs' section 1985(3) claim is GRANTED.

DATED this 31st day of March, 2009.

ROBERT E. JONES
U.S. District Judge

9 - OPINION AND ORDER