AGNES SOWLE, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Jenny M. Morf, OSB No. 98298
Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214-3587
Telephone Number:  (503) 988-3138
Facsimile Number:  (503) 988-3377
E-mail Addresses:     jenny.m.morf@co.multnomah.or.us
    Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID HADLEY,** et al, <br><br> Plaintiffs, <br><br> v. <br><br> **MULTNOMAH COUNTY,** an incorporated subdivision of the State of Oregon, et al, <br><br> Defendants. | Civil No. CV 08-130 JO <br><br> DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

## I.    INTRODUCTION

Plaintiffs David Hadley, Linda Hadley, Jeff Cordes, Bret Burton, and Ofelia McMenamy worked at the Multnomah County Sheriff's Office ("MCSO") until their resignations or retirements in 2006 and 2007. (Complaint ¶¶ 3-7).  The Complaint was filed on November 11, 2008, alleging violations equal protection, actionable under §1983 and §1985 against Multnomah County and Bernie Giusto in his official capacity (hereinafter collectively referred to as the "County").  The County moved for dismissal of

Page 1 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR
            SUMMARY JUDGMENT

Multnomah County Attorney
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214
(503) 988-3138

the Complaint in its entirety. This Court's March 31, 2009, Opinion and Order denied the County's motion with respect to the equal protection claim under §1983, and granted dismissal of the §1985 claim. (*See* Opinion and Order).

The parties now move for Cross-Motions for Summary Judgment on the equal protection claim actionable under §1983. (*See* separately filed Motion and Memorandum in support of plaintiffs' Motion for Summary Judgment).

## II. MATERIAL FACTS

The facts stated in defendants' Response to plaintiffs' Motion for Partial Summary Judgment are incorporated by reference here.

## II. STANDARD FOR SUMMARY JUDGMENT

The standard for summary judgment as stated in defendants' Response to plaintiffs' Motion for Partial Summary Judgment are incorporated by reference here.

## III. THE § 1983 CLAIMS AGAINST THE COUNTY SHOULD BE DISMISSED BECAUSE PLAINTIFFS CANNOT ESTABLISH MUNICIPAL LIABILITY

A municipality can be found liable under §1983 only where the municipality itself causes the constitutional violation. *Board of County Commissioners v. Brown*, 520 US 397 (1997). To impose §1983 liability against Multnomah County, plaintiffs must rely on one of three theories: (1) a County employee committed the alleged violation pursuant to a formal policy, practice, or custom constituting the County's standard operating procedure, (2) an official with final policy-making authority committed the constitutional tort and that the challenged action itself thus constituted an act of official governmental policy, or (3) an official with final policy-making authority ratified a subordinate's unconstitutional action, and the basis for it. *Trevino v. Gates*, 99 F3d 911, 918 (9th Cir

Page 2 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR
          SUMMARY JUDGMENT

1996), *Gillette v. Delmore*, 979 F2d 1342, 1346-47 (9th Cir 1992).  Plaintiffs attempt to establish municipal liability under the third theory of municipal liability- ratification. (Complaint ¶ 18).

In a ratification claim only officials with "final policymaking authority" may subject the County to §1983 liability.  *Id*.  Whether a particular official has "final policymaking authority" is a question of state law.  *Id*.   Plaintiffs allege that the Memorandum of Exception ("MOE") "was approved by the County Commissioners who hold policy-making positions."   (Complaint ¶ 18).   However, the Board of County Commissioners did not ratify, by majority vote, the MOE.  In fact, the MOE itself demonstrates that Blaise Lamphier ("Lamphier") in Labor Relations signed the MOE on behalf of the County.  (Exhibit 3).  The Board of County Commissioners is vested with authority to ratify compensation plans subject to negotiation with union bargaining units. (Exhibit 4).   Therefore, as a matter of law, Lamphier is not a final policy-maker for either personnel or contracting at the County and his conduct cannot form the basis of municipal liability.  *Id*.  The example provided by the Supreme Court in *Pembaur v. Cincinnati*, 475 US 469, 483 n.12, is instructive:

> the County Sheriff may have discretion to hire and fire employees without also being the county official responsible for establishing county employment policy.  If this were the case, the Sheriff's decisions respecting employment would not give rise to municipal liability, although similar decision with respect to law enforcement practices, over with the Sheriff is the official policy maker, would give rise to municipal liability.  Instead if county employment policy was set by the Board of County Commissioners, only that body's decision would provide a basis for county liability.  This would be true even if the Board left the Sheriff discretion to hire and fire employees and the Sheriff exercised that discretion in an unconstitutional manner; the decision to act unlawfully would not be a decision of the Board.

Page 3 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR
          SUMMARY JUDGMENT

Multnomah County Attorney
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214
(503) 988-3138

*Id.*; *St. Louis v. Praprotnik*, 485 US 112, 127 (1988).  As in *Pembaur*, Lamphier had discretion to sign the MOE, but is not responsible for establishing county policy.  The record is completely devoid of any involvement by the Board of County Commissioners.  Nor is there evidence that the Board was aware of any request from plaintiffs for retroactive wages in accordance with the Union Agreement.  The lack of such evidence is fatal to plaintiffs' §1983 municipal liability claim.  *Id*.

The County is entitled to an order dismissing plaintiffs' §1983 municipal liability claim as a matter of law because there is insufficient evidence from which this Court can conclude that a final policymaker ratified a decision to deny plaintiffs retroactive wage increases.

### IV.   PLAINTIFFS' EQUAL PROTECTION CLAIMS FAIL AS A MATTER OF LAW

Defendants restate, and incorporate by reference, the arguments presented in Section III of the Response to plaintiffs' Motion for Partial Summary Judgment.

In brief summary, defendants request dismissal of plaintiffs' Equal Protection claims because a "class of one" theory is not a cognizable claim in the public employment context.  Even if the County's actions are considered outside the County's role as an employer, the Equal Protection claim still fails because the County's actions were rationally related to legitimate employment and business concerns, and plaintiffs cannot establish that the proffered rational basis is false or based on improper motive.

/// /// ///

/// /// ///

/// /// ///

### III. CONCLUSION

For these reasons stated above and in defendants' Response to plaintiffs' Motion for Partial Summary Judgment, the County is entitled to an order granting defendants' Motion for Summary Judgment and dismissing the Complaint in its entirety.

DATED this 28th day of August, 2009.

        Respectfully submitted,

        AGNES SOWLE, COUNTY ATTORNEY
        FOR MULTNOMAH COUNTY, OREGON

        **/s/ Jenny M. Morf**
        _____
        Jenny M. Morf, OSB No. 98298
        Assistant County Attorney
           Of Attorneys for Defendants

Page 5 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR
     SUMMARY JUDGMENT

Multnomah County Attorney
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214
(503) 988-3138